2005 MAY 13 P 1:57

U.S.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS OF NORTHEASTERN CONNECTICUT | : : : : : |
| Plaintiff, | : : CIVIL ACTION NO. 3:02 CV 01597 (PCD) |
| v. | : : |
| MICHAEL HILL | : : : |
| Defendant. | : May 12, 2005 |

## APPLICATION FOR WAGE EXECUTION

Pursuant to Rule 69 of the Federal Rules of Civil Procedure and Section 52-361a of the Connecticut General Statutes, Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut ("Charter"), hereby applies for the issuance of a wage execution and in support thereof makes the following representations:

1. In accordance with the terms of the Stipulated Judgment entered in this matter on December 2, 2004, the Defendant Michael Hill ("Defendant") was to make installment payments in a lower amount in lieu of full and final payment. Under the express terms of the Stipulated Judgment, in the event that the Defendant failed to make any payments as stipulated, Charter retained the right to proceed for the principal amount of $10,000.00 plus attorneys' fees and costs;

3.  The Defendant paid $2,200 pursuant to the Stipulated Judgment, but has failed to comply with his complete payment obligations under the Stipulated Judgment. As a result, the Defendant owes Charter $10,846.85, including $7,800.00 in the principal amount of damages, $3,046.85 in attorneys' fees and costs.

4.  A Motion for Appointment of Process Server was granted by this Court on September 17, 2003, appointing State Marshal Gregory L. Woodruff, as an authorized server of process with regard to this action, including the service of any post-judgment collection activities;

5.  No payments in addition to the $2,200 described above have been received by Charter from the Defendant to date; and

6.  Charter moved for and was awarded an Order for Installment Payments on February 7, 2005 against the Defendant, in the minimal amount of $25.00 per week pursuant to Conn. Gen. Stat. §52-361a(a). A copy of the Order granting minimal installment payments was served on the Defendant on April 2, 2005. The weekly payments were to begin on or before April 8, 2005 and continue each week thereafter until the Stipulated Judgment is paid in full, as evidenced by the Order attached hereto as Exhibit A. No payments have been received to date since that Order was issued and the last payment from Defendant was received by Charter on or about July 2003.

7.  Charter, through its attorneys, has notified Defendant on several occasions in writing and by telephone that the full judgment amount is now due and owing. As of May 1, 2005, the total amount of the unpaid judgment, attorneys' fees and costs, including interest,

is $12,417.99 (including $1,456.96 in interest on the principal amount of $7,800.00 beginning in July 2003, and $74.18 in interest on the amount of attorneys' fees and costs beginning on February 2, 2005). Interest continues to accrue on the principal amount of the judgment, including attorneys' fees and costs, at the rate of 10% per annum, pursuant to Conn. Gen. Stat. §37-3a.

8. Through research and investigation, Charter has determined that the Defendant is employed at a Wal-Mart store located at 474 Boston Post Road, North Windham, Connecticut 06256. Charter has determined that Defendant has worked at this location since April 9, 2001.

For the foregoing reasons, Charter hereby applies for a wage execution in this matter.

Dated this 12th day of May, 2005.

> PLAINTIFF - CHARTER COMMUNICATIONS
> ENTERTAINMENT I, LLC
> d/b/a CHARTER COMMUNICATIONS OF
> NORTHEASTERN CONNECTICUT
>
> By_____
> Ryan M. Mihalic - ct24454
>
> Murtha Cullina LLP
> CityPlace I - 185 Asylum Street
> Hartford, Connecticut 06103
> Telephone: (860) 240-6000
> Fax: (860) 240-6150
> rmihalic@murthalaw.com
> Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by first class mail, postage pre-paid, this 12th day of May, 2005, to:

Mr. Michael Hill
180 Kings Road
Coventry, CT 06238

_____
Ryan M. Mihalic - ct24454

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARTER COMMUNICATIONS        :
ENTERTAINMENT I, LLC          :
d/b/a CHARTER COMMUNICATIONS  :
OF NORTHEASTERN CONNECTICUT   :
                              :
    Plaintiff,              :    CIVIL ACTION
                              :    NO. 3:02 CV 01597 (PCD)
v.                            :
                              :
MICHAEL HILL                  :
                              :
    Defendant               :    May 12, 2005

## WAGE EXECUTION

To the Marshal of the District of Connecticut or to any person authorized to serve process under the Federal Rules of Civil Procedure -- Greetings:

WHEREAS on December 4, 2002, Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut recovered judgment against the Judgment Debtor, Michael Hill, whose last known address is 180 Kings Road, Coventry Connecticut 06238, before the United States District Court for the District of Connecticut for the sum of $10,000.00 plus attorneys' fees and costs and interest as appears of record;

AND WHEREAS, the said Judgment Debtor, Michael Hill, failed to comply with said judgment, as appears of record by the application of Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut moving that this execution issue;

AND WHEREAS, execution remains to be done on the total unpaid judgment, including attorneys' fees costs and interest, minus payments to date in the amount of $12,417.99.

These are therefore, by the authority of the United States of America, to command you, that of any amount of debt accruing by reason of personal services due said, Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut, as may not exceed the amount of execution as calculated in the attached "Wage Execution Notice of Employer", within your precinct or jurisdiction, you cause to be levied, paid, and satisfied unto the said, Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut, with interest from the said date of judgment to the date when this execution is satisfied, and your own fees.

You are further commanded to serve with this execution two copies of the "Wage Execution Notice to Employer" and "Wage Execution Exemption and Modification Claim Form", that are accompanied herewith.

Last known employer is: Wal-Mart store located at 474 Boston Post Road, North Windham, Connecticut 06256.

Make service within one year of this date, and due return hereof of your doings thereon, within thirty days from satisfaction hereof.

Dated at Hartford, Connecticut, this _____ day of _____, 2005.

Clerk,

BY_____

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Nov 25  2 18 PM '02
U.S. DISTRICT COURT
NEW HAVEN, CONN.

CHARTER COMMUNICATIONS  :
ENTERTAINMENT I, LLC  :
d/b/a CHARTER COMMUNICATIONS  :
OF NORTHEASTERN CONNECTICUT,  :
  :
    Plaintiff,  :  CIVIL ACTION NO.
  :  3:02CV 01597 (PCD)
  :
MICHAEL HILL,  :
  :
    Defendant.  :

## STIPULATION OF JUDGMENT

WHEREAS, Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut ("Charter"), is licensed by the Connecticut Department of Public Utility Control to provide cable television service in various municipalities in Connecticut; and

WHEREAS, Charter has initiated litigation in the United States District Court for the District of Connecticut in the matter captioned <u>Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut v. Michael Hill</u>, Case No. 3:02CV01597 (PCD) (the "Litigation"), asserting that Defendant Michael Hill ordered, purchased, received and possesses, possessed, used or assisted others in the use of one cable theft device known as a "FTB 3-12 combo" from a company known as Greenleaf Electronics, Inc. ("Greenleaf") in order to effect the unauthorized reception and interceptions of Charter's cable services; and

Judgement shall enter in accordance with the terms set forth by the parties. SO ORDERED.

Peter C. Dorsey, U.S. District Judge

12/3/02