UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS OF NORTHEASTERN CONNECTICUT, | : : : : : | CIVIL ACTION NO. 3:02 CV 01597 (PCD) |
| Plaintiff, | : : | |
| v. | : : | |
| MICHAEL HILL a/k/a MIKE HILL | : : | |
| Defendant. | : | APRIL 27, 2006 |

PETITION FOR EXAMINATION OF JUDGMENT DEBTOR

Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut ("Charter") moves, pursuant to Fed. Rule Civ. Pro. 69 and Conn. Gen. Stat. § 52-397, for an order compelling Defendant Michael Hill a/k/a Mike Hill ("Defendant") to appear in court to be examined under oath concerning any property and means of paying the judgment rendered against him by this Court on December 4, 2002 and February 7, 2005 in this matter.  (A copy of the December 4, 2002 judgment and the docket sheet evidencing the February 7, 2005 Order are attached hereto as Exhibit A.)

"In proceedings on and in aid of execution" of a judgment, Fed. Rule. Civ. Pro 69 explicitly adopts the procedure of the state in which the District Court sits.  More specifically, Fed. Rule Civ. Pro. 69, explicitly adopts state court procedures permitting the judgment creditor "to obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in

which the district court is held." Thus, Connecticut state law governs post-judgment discovery in this matter.

Connecticut state law permits a judgment creditor to obtain discovery regarding the location of the judgment debtor's assets. See Conn. Gen. Stat. § 52-351b. A judgment creditor must commence the post-judgment discovery procedures by first serving Post-Judgment Interrogatories. Conn. Gen. Stat. § 52-351b(a). These Post-Judgment Interrogatories may be served on the judgment debtor, a financial institution, or on any third party the judgment creditor reasonably believes may have assets of the judgment debtor. These Interrogatories are in a form prescribed by the State of Connecticut Judicial Branch, and are to be served by certified mail, return receipt requested. Id. "The person to whom interrogatories are directed shall answer the interrogatories and return them to the judgment creditor within thirty days. . . ." Id.

If that person fails to answer the Post-Judgment Interrogatories, Connecticut law provides that the judgment creditor may seek to examine the judgment debtor under oath in court. Specifically, Conn. Gen. Stat. § 52-397 provides:

> Any judgment debtor, an execution against who has been returned unsatisfied in whole or in part or who has failed to respond within thirty days to any postjudgment interrogatories served pursuant to section 52-351b, may be examined on oath, in the court location where the judgment was rendered, concerning his property and means of paying such judgment . . . .

Here, Charter served upon the Defendant Michael Hill a/k/a Mike Hill post-judgment interrogatories on February 22, 2006. (A copy of the Interrogatories and the post office certification card are attached hereto as Exhibit B.) The Defendant has failed to respond to those Interrogatories within thirty (30) days. Accordingly, Charter petitions this Court, in

accordance with Connecticut state law, for an order compelling Defendant to appear in Court as soon as practicable to testify under oath regarding his assets and means of satisfying the judgment.

## CONCLUSION

For all the foregoing reasons, Charter's Petition for Examination of Judgment Debtor should be granted.

          CHARTER COMMUNICATIONS
          ENTERTAINMENT I, LLC d/b/a CHARTER
          COMMUNICATIONS OF NORTHEASTERN
          CONNECTICUT

By _____
          Ryan M. Mihalic – ct24454

Murtha Cullina LLP
CityPlace I – 185 Asylum Street
Hartford, CT 06103-3469
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
E-mail: rmihalic@murthalaw.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition for Examination of Judgment Debtor was mailed first-class, postage prepaid, on this 27th day of April, 2006 to:

Michael Hill a/k/a Mike Hill
180 Kings Road
Coventry, CT  06238

_____
Ryan M. Mihalic - ct24454

Exhibit A

EXHIBIT A

FILED
Nov 25   2 18 PM '02
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARTER COMMUNICATIONS          :
ENTERTAINMENT I, LLC            :
d/b/a CHARTER COMMUNICATIONS    :
OF NORTHEASTERN CONNECTICUT,    :
                                :
        Plaintiff,              :    CIVIL ACTION NO.
                                :    3:02CV 01597 (PCD)
                                :
MICHAEL HILL,                   :
                                :
        Defendant.              :

STIPULATION OF JUDGMENT

WHEREAS, Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut ("Charter"), is licensed by the Connecticut Department of Public Utility Control to provide cable television service in various municipalities in Connecticut; and

WHEREAS, Charter has initiated litigation in the United States District Court for the District of Connecticut in the matter captioned <u>Charter Communications Entertainment I, LLC d/b/a Charter Communications of Northeastern Connecticut v. Michael Hill</u>, Case No. 3:02CV01597 (PCD) (the "Litigation"), asserting that Defendant Michael Hill ordered, purchased, received and possesses, possessed, used or assisted others in the use of one cable theft device known as a "FTB 3-12 combo" from a company known as Greenleaf Electronics, Inc. ("Greenleaf") in order to effect the unauthorized reception and interceptions of Charter's cable services; and

*[Left margin, sideways:]* Judgement shall enter in accordance with the terms set forth by the parties. SO ORDERED.
Peter C. Dorsey, U.S. District Judge
12/3/02

WHEREAS, the Parties have many reasons to settle the Litigation including: (a) one of Charter's central purposes in this litigation is to stop the unauthorized use of its cable services as quickly as possible and (b) where that purpose can be accomplished expeditiously by agreement between the parties, both parties may avoid the time and expense which would otherwise be devoted to this Litigation; and

WHEREAS, as part of the settlement, Michael Hill wishes to pay the monetary consideration in installments; and

WHEREAS, as partial consideration of the Settlement of this litigation, Defendant represents that he does not have in his possession or in use at any premises where he receives or uses Charter's cable television signals, any descrambler, decoder or other device which permits him to obtain cable services without authorization from Charter.

WHEREAS, Michael Hill acknowledges that should he fail to timely comply with the payment terms of this Stipulation of Judgment, Charter's pursuit of the Litigation would be delayed and would become more expensive; and

WHEREAS, in order to avoid the delay and expense which would result to Charter should Michael Hill fail to comply with the terms of the installment payments and in consideration for giving Michael Hill the privilege of paying the monetary consideration in installments, the parties wish to stipulate to judgment;

Charter and Defendant Michael Hill stipulate and agree as follows:

1. That judgment shall enter in favor of Charter and against Michael Hill on Charter's complaint in the total principal amount of $10,000.00 plus attorneys' fees and costs pursuant to 47 U.S.C. §§ 553 and 605.

2. That in lieu of full payment of the full judgment set forth in Paragraph 1 above, Michael Hill shall pay $4,000.00 to Charter in the following installments: $400.00 on or

before November 21, 2002, $300.00 on or before December 30, 2002, and continuing on the 30th of each month thereafter until paid in full on or before December 30, 2003.

3. That, notwithstanding Paragraph 2 above, Michael Hill may prepay any installment in advance.

4. That upon complete compliance with the payment terms set forth in Paragraph 2 above, Charter, or its affiliates or assigns, shall file a Satisfaction of Judgment as against Michael Hill.

5. That Charter shall have the right to proceed against Michael Hill for the principal amount of $10,000.00 plus attorneys' fees and costs pursuant to 47 U.S.C. §§ 553 and 605 plus interest from the date of any default under this Stipulation of Judgment, costs of collection and attorneys' fees incurred from the date of any default under this Stipulation of Judgment less any amounts paid under this Stipulation of Judgment, if Michael Hill shall fail to make any installment due under this Stipulation of Judgment by its due date.

6. That it is ORDERED, ADJUDGED AND DECREED that the Defendant Michael Hill is permanently enjoined and restrained from engaging in, assisting, aiding, abetting or otherwise promoting or supporting the unauthorized interception or reception of the cable television programming, service or signal of Charter, or of any affiliate thereof, and including without limitation, is hereby permanently enjoined and restrained from: connecting to, tapping into, attaching, splicing into, tampering with or in any way using cable wires of Charter or intercepting Charter's television system, or receiving or exhibiting Charter's cable television signal for purposes of obtaining any of Charter's programming services without Charter's express authorization and agreement; from purchasing, obtaining, installing, owning or possessing any components or parts with the intention of making any equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's

authorization; from attaching or connecting any such equipment to any property of Charter without Charter's express authorization and agreement; and from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, Charter's systems without Charter's express authorization and agreement.

7. That it is ORDERED, ADJUDGED AND DECREED that jurisdiction is retained by this Court for the purpose of enabling any of the parties to apply to this Court at any time for the foregoing injunction, for the enforcement of compliance therewith, and for the punishment of any violations thereof, and that in the event of a violation of the foregoing injunction, as found by the Court after Notice and an opportunity to contest the allegations of a violation of the foregoing injunction, the statutory fines under 47 U.S.C. § 553 or § 605, in addition to attorney's fees and costs, shall be applicable for each contemptuous violation thereof.

| DEFENDANT - MICHAEL HILL | PLAINTIFF — CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS OF NORTHEASTERN CONNECTICUT |
|---|---|
| _____<br>Michael Hill | By _____<br>Burton B. Cohen - ct00273<br>Derek T. Werner - ct23419<br><br>Murtha Cullina LLP<br>Whitney Grove Square<br>Two Whitney Avenue<br>P.O. Box 704<br>New Haven, CT 06503-0704<br>Telephone: (203) 772-7700<br>Its Attorneys |

_____
U. S. District Judge

Dated this ____ day of _____, 2002.

-5-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Stipulation of Judgment was mailed first-class, postage prepaid, on this 22nd day of November, 2002 to:

Michael Hill
180 Kings Road
Coventry, CT  06238

_____
Derek T. Werner - ct23419

CLOSED

# U.S. District Court
## District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:02-cv-01597-PCD

Charter v. Hill  
Assigned to: Judge Peter C. Dorsey  
Demand: $0  
Cause: Unauthorized reception of signal

Date Filed: 09/10/2002  
Jury Demand: None  
Nature of Suit: 890 Other Statutory Actions  
Jurisdiction: Federal Question

**Plaintiff**

**Charter Communications Entertainment I, LLC**  
*doing business as*  
Charter Communications of Northeastern CT

represented by **Derek T. Werner**  
Murtha Cullina-Htfd  
Cityplace I, 185 Asylum St.  
Hartford, CT 06103-3469  
860-240-6000  
Fax: 860-240-6150  
Email: dwerner@murthalaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Ryan M. Mihalic**  
Murtha Cullina LLP  
Cityplace I, 185 Asylum St.  
Hartford, CT 06103-3469  
860-240-6114  
Fax: 860-240-6150  
Email: rmihalic@murthalaw.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Michael Hill**  
*also known as*  
Mike Hill

| Date Filed | # | Docket Text |
|---|---|---|
| 09/10/2002 | 1 | COMPLAINT Filing Fee $ 150.00 Receipt # N007460 (Pesta, J.) (Entered: 09/11/2002) |
| 09/10/2002 | 2 | ORDER on Pretrial Deadlines handed to counsel Discovery cutoff 3/12/03 ; Dispositive Motions due 4/11/03 Amended Pleadings due 11/10/02 Motions to Dismiss due 12/10/02 (Pesta, J.) (Entered: |

| | | |
|---|---|---|
| | | 09/11/2002) |
| 09/10/2002 | 3 | Supplemental Order re: motion filing procedures (Pesta, J.) (Entered: 09/11/2002) |
| 09/11/2002 | | SUMMONS(ES) issued for Michael Hill (Pesta, J.) (Entered: 09/11/2002) |
| 10/04/2002 | 4 | SUMMONS Returned Executed on 9/27/02 as to Michael Hill (Falcone, K.) (Entered: 10/04/2002) |
| 10/30/2002 | 5 | APPEARANCE of Attorney for Charter -- Derek T. Werner (Rodko, R.) (Entered: 10/30/2002) |
| 12/04/2002 | 6 | STIPULATED JUDGMENT for Charter against Michael Hill in the amount of $10,000.00 plus attorney's fees ( signed by Judge Peter C. Dorsey ) (Depino, F.) (Entered: 12/04/2002) |
| 12/04/2002 | | Case closed (Depino, F.) (Entered: 12/04/2002) |
| 09/03/2003 | 7 | MOTION by Charter to Appoint Special Process Server (Villano, P.) (Entered: 09/04/2003) |
| 09/17/2003 | | ENDORSEMENT granting [7-1] motion to Appoint Special Process Server ( signed by Judge Peter C. Dorsey ) (Brown, S.) (Entered: 09/18/2003) |
| 11/19/2004 | 8 | NOTICE of Appearance by Ryan M. Mihalic on behalf of Charter Communications Entertainment I, LLC (Falcone, K.) (Entered: 11/22/2004) |
| 02/02/2005 | 9 | MOTION for Order for Installment Payments by Charter Communications Entertainment I, LLC. (Attachments: # 1 Affidavit # 2 Time Record chart)(Falcone, K.) (Entered: 02/03/2005) |
| 02/07/2005 | 10 | ORDER granting 9 Motion for Order For Installment Payments. Plaintiff's motion for an order that defendant pay to Plaintiff $25.00 per week until the judgment of $10,846.85, less $2,200.00 paid, is paid in full is hereby granted. So Order. Signed by Judge Peter C. Dorsey on 2/7/05. (Villano, P.) (Entered: 02/07/2005) |
| 05/13/2005 | 11 | APPLICATION for Wage Execution by Charter Communications Entertainment I, LLC. (Falcone, K.) (Entered: 05/17/2005) |
| 05/17/2005 | | Wage Execution Issued (Falcone, K.) (Entered: 05/19/2005) |

| PACER Service Center |||
|---|---|---|
| Transaction Receipt |||
| 01/11/2006 12:03:04 |||
| **PACER Login:** | mc0064 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** 3:02-cv-01597-PCD |

Exhibit B

**POST JUDGMENT REMEDIES**
**INTERROGATORIES**

JD-CV-23 Rev. 4-05
Gen. Stat. §§ 52-321a, 52-351b, 52-352b,
52-361a, 52-361b, 52-400a, 52-400c

**SUPERIOR COURT**
www.jud.state.ct.us

FORM JD-CV-23a MUST BE ATTACHED TO THIS FORM



COURT USE ONLY
POSTJRI

| ☐ Judicial District | ☐ Housing Session | ☐ G.A. No. | AT USDC AT NEW HAVEN | DOCKET NO. 3:02CV01597 (PCD) |
|---|---|---|---|---|

ADDRESS OF COURT (No., street, town, and zip code)
141 Church Street, New Haven, CT 06510

| DATE OF JUDGMENT | ORIGINAL AMOUNT OF JUDGMENT | AMOUNT DUE THEREON |
|---|---|---|
| 12/04/02 | $10846.85 | $9546.85 |

| NAME OF JUDGMENT CREDITOR | OF (Street and town) |
|---|---|
| Charter Comm. Enter. I LLC | 11 Commerce Road, Newtown, CT 06470 |

| NAME OF JUDGMENT DEBTOR | OF (Street and town) |
|---|---|
| Michael Hill | 180 Kings Road, Coventry, CT 06238 |

NAME AND ADDRESS OF PERSON BELIEVED TO HAVE ASSETS OF JUDGMENT DEBTOR (If applicable)

| DATE OF SERVICE OF INTERROGATORIES | NAME AND ADDRESS OF PERSON TO WHOM INTERROGATORIES SHALL BE RETURNED |
|---|---|
| 2/22/06 | R. Mihalic, Murtha Cullina LLP, 185 Asylum St., Hartford, CT 06103 |

## INSTRUCTIONS

*JUDGMENT CREDITOR: Put an "X" in the box next to the questions to be answered on form JD-CV-23a attached hereto.*
*PERSON SERVED WITH INTERROGATORIES: Answer the questions indicated by "X" on form JD-CV-23a attached hereto. You must disclose assets of the judgment debtor up to an amount clearly sufficient to satisfy the judgment indicated by the "Amount Due Thereon" above. Place answers in space provided on form. If you need more room to answer these questions, use the space on the reverse side of form JD-CV-23a or attach additional sheets.*

## NOTICE

**Neither the interrogatories themselves, notice thereof nor objections thereto shall be filed with the court.**

The person served with these interrogatories must answer and return them within thirty days of the date of their service to the person named above.

If the person served with these interrogatories fails, within thirty days, to return a sufficient answer or disclose sufficient assets for execution, or on objection by that person to the interrogatories, the judgment creditor may move the court for such supplemental discovery orders as may be necessary to ensure disclosure including (1) an order for compliance with the interrogatories or (2) an order authorizing additional interrogatories. The judgment creditor may obtain discovery, including the taking of depositions, from any person served with interrogatories in accordance with procedures for discovery in civil actions without further order of the court. The court may order such additional discovery as justice requires. Failure to comply with a discovery order may subject the person served to being held in contempt of court. Attorney's fees may be allowed for counsel at a contempt hearing necessary to enforce such a court order and for counsel at any discovery hearing required because of the failure to answer these interrogatories.

## NOTICE OF RIGHTS TO PERSON SERVED

1. Pursuant to Gen. Stat. § 52-351b, you must reveal information concerning the amount, nature and location of the judgment debtor's assets up to an amount clearly sufficient in value to ensure full satisfaction of the judgment with interests and costs.

2. Pursuant to subsection (d) of Gen. Stat. § 52-351b, any party from whom discovery is sought may apply to the court for protection from annoyance, embarrassment, oppression or undue burden or expense.

3. Certain personal property is exempt from execution. The following list is a description of common classes of property exempt from execution from a judgment debtor who is a natural person. (Gen. Stat. § 52-352b).
   (a) Necessary apparel, bedding, foodstuffs, household furniture and appliances;
   (b) Tools, books, instruments, farm animals and livestock feed which are necessary to the judgment debtor in the course of his or her occupation, or profession, farming operation or farming partnership;
   (c) Public assistance payments and any wages earned by a public assistance recipient under an incentive earnings or similar program;
   (d) Health and disability insurance payments;
   (e) Health aids necessary to enable the judgment debtor to work or to sustain health;
   (f) Worker's compensation, social security, veterans and unemployment benefits;
   (g) Court approved payments for child support;

(Continued on page 2)

(h) Arms and military equipment, uniforms or musical instruments owned by any member of the militia or armed forces of the United States;
(i) One motor vehicle to the value of one thousand five hundred dollars, provided such value shall be determined as the fair market value of the motor vehicle less the amount of all liens and security interests which encumber it;
(j) Wedding and engagement rings;
(k) Residential utility deposits for one residence and one residential security deposit;
(l) Any assets or interests of a judgment debtor in, or payments received by the judgment debtor from, a plan or arrangement described in Gen. Stat. § 52-321a;
(m) Alimony and support, other than child support, but only to the extent that wages are exempt from execution under Gen. Stat. § 52-361a;
(n) An award under a crime reparations act;
(o) All benefits allowed by any association of persons in this state towards the support of any of its members incapacitated by sickness or infirmity from attending to his usual business;
(p) All moneys due the judgment debtor from any insurance company on any insurance policy issued on exempt property, to the same extent that the property was exempt;
(q) Burial plot for the judgment debtor and his or her immediate family;
(r) Irrevocable transfers of money to an account held by a bona fide nonprofit debt adjuster licensed pursuant to chapter 655 of the general statutes for the benefit of creditors of the judgment debtor;
(s) Any interest of the judgment debtor in any property not to exceed in value one thousand dollars;
(t) Any interest of the judgment debtor not to exceed in value four thousand dollars in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the judgment debtor under which the insured is the judgment debtor or an individual of whom the judgment debtor is a dependent; and
(u) The homestead of the judgment debtor to the value of seventy-five thousand dollars, or, in the case of a money judgment arising out of services provided at a hospital, to the value of one hundred twenty-five thousand dollars, provided value shall be determined as the fair market value of the real property less the amount of any statutory or consensual lien which encumbers it.

☒ List all real estate in your name which in total value is clearly sufficient to ensure full satisfaction of the judgment with interest and costs *(where possible give street address).*

☒ List your accounts receivable which in total value are clearly sufficient to ensure full satisfaction of the judgment with interest and costs giving a) the name of the party, b) the amount owed, and c) the date the debt was incurred. *(If additional space is needed, attach a separate sheet to this form.)*

## II. EMPLOYER

☐ Is the Judgment Debtor employed by you?   ☐ NO   ☐ YES *(If yes, complete the information below)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. | |
|---|---|
| EMPLOYEE'S NORMAL WORKING HOURS | EMPLOYEE'S GROSS SALARY PER HOUR, WEEK, MONTH, OR YEAR |
| THE DATES ON WHICH EMPLOYEE IS PAID FOR BOTH REGULAR AND OVERTIME WORK | |
| NAME, ADDRESS, AND TELEPHONE NO. OF THE BOOKKEEPER, PAYROLL CLERK OR OTHER PERSON WHO DISBURSES EMPLOYEE'S WAGES OR SALARY | |

## III. FINANCIAL INSTITUTION

☐ Does the Judgment Debtor maintain an account of any kind with your institution?   ☐ NO   ☐ YES

*(If yes, complete the information below. You may disclose only whether you hold funds of the judgment debtor on account and the balance of such funds if so held, up to the amount necessary to satisfy the judgment.)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. | |
|---|---|
| NAME, ADDRESS, AND TELEPHONE NO. OF YOUR INSTITUTION | |
| ACCOUNT NO. OF EACH ACCOUNT | NAME IN WHICH THE ACCOUNT IS HELD |
| PRESENT BALANCE IN EACH ACCOUNT | |
| IF JOINT ACCOUNT, THE NAME AND ADDRESS OF THE OTHER PERSON(S) | |

## IV. THIRD PERSON IN POSSESSION OF JUDGMENT DEBTOR'S PROPERTY

☐ Are you in possession of nonexempt personal property belonging to the judgment debtor?   ☐ NO   ☐ YES
*(If yes, complete the following information.)*

| YOUR NAME, ADDRESS, AND TELEPHONE NO. |
|---|
| DESCRIBE THE PROPERTY, THE REASON YOU ARE HOLDING IT AND ANY CONSIDERATION THAT MAY HAVE PASSED FOR YOUR HOLDING THE PROPERTY. |
| LOCATION OF THE PROPERTY |

## V. SIGNATURE OF PERSON COMPLETING THIS FORM OR AUTHORIZED AGENT

☒ NOTE: Interrogatories served on a judgment debtor shall be signed by such debtor under penalty of false statement.

| SIGNED *(Person completing form or authorized agent)* | PRINT NAME OF PERSN SIGNING AT LEFT | DATE SIGNED |
|---|---|---|
| | | |

JD-CV-23a (Page 2 of 2) Rev. 6-2000

**INSTRUCTIONS**

**JUDGMENT CREDITOR:** Complete Name of Case and Docket No., put an "X" in the box next to the items to be answered.
**PERSON SERVED WITH INTERROGATORIES:** Answer the questions indicated by ☒ . You must disclose assets of the judgment debtor up to an amount clearly sufficient to satisfy the judgment indicated by the "Amount Due Thereon" on the attached form JD-CV-23. Place answers in space provided on this form. If you need more room to answer these questions, use the space on page 2 of attached form JD-CV-23 or attach additional sheets. You must answer the questions and return them to the person named on attached form JD-CV-23 within thirty days of the date of service.

| NAME OF CASE | DOCKET NO. |
|---|---|
| Charter Communications v. Michael Hill | 3:02CV01597 (PCD) |

## I. JUDGMENT DEBTOR

☒ STATE YOUR NAME, ADDRESS, AND TELEPHONE NO.

☒ Are you presently employed?    ☐ NO    ☐ YES *(If yes, complete the information below)*

NAME, ADDRESS, AND TELEPHONE NO. OF YOUR EMPLOYER

YOUR JOB TITLE OR POSITION

NAME, ADDRESS OF EACH BOOKKEEPER, PAYROLL CLERK OR OTHER PERSON HAVING RECORDS OF SALARIES OR OTHER SUMS OF MONEY PAID TO YOU BY YOUR PRESENT EMPLOYER

IF YOU RECEIVE ADDITIONAL COMPENSATION FOR OVERTIME, STATE (1) RATE OF OVERTIME PAY AND (2) THE AVERAGE NO. OF HOURS OF OVERTIME YOU WORK PER WEEK

STATE THE DATE ON WHICH YOU ARE PAID FOR BOTH REGULAR AND OVERTIME WORK

☒ Are you receiving any income from any source not disclosed in your answers to the foregoing questions?    ☐ NO    ☐ YES *(If yes, complete the information below)*

| STATE THE SOURCE(S) OF SUCH INCOME | AMOUNT RECEIVED EACH WEEK |
|---|---|
| IF THERE ARE ANY PAYMENTS DUE FROM THE ABOVE SOURCE STATE (1) THE AMOUNT DUE AND (2) NAME AND ADDRESS OF PARTY FROM WHOM IT IS DUE | |

☒ List all banks, savings and loan associations, credit unions or other financial institutions in which you maintain an account of any kind, giving in your answer the following: *(You need only disclose assets clearly sufficient to ensure full satisfaction of the judgment with interest and costs.)*

| NAME AND ADDRESS OF INSTITUTION | NAME AND ADDRESS OF INSTITUTION |
|---|---|
| NAME IN WHICH ACCOUNT IS HELD | NAME IN WHICH ACCOUNT IS HELD |
| ACCOUNT NO.    PRESENT BALANCE ($) | ACCOUNT NO.    PRESENT BALANCE ($) |
| IF JOINT ACCOUNT GIVE NAME AND ADDRESS OF OTHER PERSON(S) | IF JOINT ACCOUNT GIVE NAME AND ADDRESS OF OTHER PERSON(S) |

☒ List all nonexempt personal property in which you have an interest, whether legal or beneficial, which in total value is clearly sufficient to ensure full satisfaction of the judgment with interest and costs, including but not limited to (a) cash on hand, (b) household goods and supplies and furnishings, (c) stamp and/or coin collections and other collections, (d) wearing apparel, (e) jewelry, (f) watches, (g) automobiles, (h) trucks, (i) trailers or other motor vehicles, (j) boats, motors and accessories. As to each such item of property give the precise description and location, the approximate value of such property and whether or not such property is subject to any form of security interest, lien or encumbrance. If so, state the name and address of such holder of a security interest, lien or encumbrance, the nature of the instrument evidencing the same and the amount of the instrument. *(If additional space is necessary, attach a separate sheet to this form.)*

☒ State whether any of your nonexempt personal property is in the hands of a third person. If so, describe the property involved, the person or persons so holding the property, the reason the property is so held and any consideration that may have passed therefor.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by *(Please Print Clearly)*   B. Date of Delivery<br>                                              2-23-06<br>C. Signature<br>X  *Robert Jull*   ☐ Agent<br>                             ☐ Addressee |
| 1. Article Addressed to:<br><br>Mr. Michael Hill<br>180 Kings Road<br>Coventry, CT 06238 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:     ☐ No<br><br>3. Service Type<br>   ☑ Certified Mail   ☐ Express Mail<br>   ☐ Registered      ☐ Return Receipt for Merchandise<br>   ☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*           ☐ Yes |
| 2. Article Number *(Copy from :* | 7003 2260 0006 5112 7521 |
| PS Form 3811, July 1999 | Domestic Return Receipt | 102595-00-M-0952 |